**FILED**

APR 1 9 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
          DEPUTY CLERK

Name _____ Harriet Stricklen_____

Street Address _____ 3345 Spygooooo ct_____

City and County _____ Fairfield, Solano_____

State and Zip Code _____ CA   94534_____

Telephone Number _____ (510) 774-9570_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

_____ Harriet Stricklen_____

_(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_

   **-against-**

_____ Kelly Services ETAL_____

_(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_

**Complaint for Employment Discrimination**

2 1 6 - CV   0 8 0 4 TLN GGH PS

Case No. _____
_(to be filled in by the Clerk's Office)_

Jury Trial:  ☐ Yes  ☒ No
        _(check one)_

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                    Harriet Stricklen
Street Address          3345 Spyglass Ct
City and County         Fairfield, Solano
State and Zip Code      CA  94534
Telephone Number        (510) 774-9570
E-mail Address          Ahstrick@gmail.com

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

Name                    Kelly Services - Diana Merontza
Job or Title            Diversity Consultant -
(if known)              Global Human Resources - Diversity
Street Address          999 West Big Beaver Rd
City and County         Troy, Oakland County
State and Zip Code      Michigan 48084
Telephone Number        (248) 362-4444
E-mail Address
(if known)

Defendant No. 2

Name                    _____
Job or Title            _____
(if known)
Street Address          _____
City and County         _____

2

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. 3

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

Defendant No. 4

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

## C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s)
is:

Name        Johnson & Johnson-Janssen

Street Address     300 Eubanks Dr

City and County    Vacaville, Solano

State and Zip Code    CA   95688

Telephone Number    (707) 453-6400

3

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

_____

☐    Relevant state law *(specify, if known)*:

_____

☐    Relevant city or county law *(specify, if known)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed. See Attached

4

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☑    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☑    Unequal terms and conditions of my employment.

☑    Retaliation.

☐    Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

Jan 18, 2016 to present _____

C.    I believe that defendant(s) *(check one)*:

☑    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑    race African American

☑    color Dark Brown

☐    gender/sex _____

☐    religion _____

☐    national origin _____

☐    age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows. Attach additional pages if needed.

5

_See attached_

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

_April 8, 2016_

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*

_April 14, 2016_ .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

**V.     Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

$500,000.00 Punitive & Compensatory damages. Place in similar position as consultant - See attached proposal. Loss of wages from March 23 to Settlement. I seek relief for intentional infliction of emotional distress. Intentional discrimination from Jan 18, 2016 to present - See attached

**VI.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Apl 19 , 20 16

Signature of Plaintiff

Printed Name of Plaintiff   Harriet Strickler

Harriet Stricklen-Pro Se
3345 Spyglass Ct
Fairfield, CA 94534
(510)774-9570
4hstrick@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

I.      PARTIES TO THIS COMPLAINT

HARRIET STRICKLEN,

                 Plaintiff,

vs.

KELLY SERVICES ET AL,

                 Defendant

Case No.: [Number]

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

**C. Place of Employment:**
Johnson & Johnson-Janssen
700 Eubanks Dr.
Vacaville, CA 95688
(707) 453-6400

**II. Basis for Jurisdiction:**

This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17 (race, color, gender, religion, national origin).

**III. Statement of Claim**
**December 8th, 2015** - After the on-site interview with John Evers I asked him how he felt I did scored during the interview. He responded by saying, "it doesn't matter what I think, if I didn't consider someone may have something to say. Johnson and Johnson has a strong policy to comply with their diversity policy.
**Week of January 18th, 2016** - I was hired as a salaried employee of Kelly Services. My role was Talent Solutions Manager, I managed the Worksense™ program at Johnson and Johnson, Janssen operating company. John behaved aggressively and rudely while training me and continued to say "Johnson & Johnson requires that we hire under their minority and diversity agreement."
**January 18 through March 23rd** I was not provided telephone access to conduct business. The telephone at my desk only provided incoming/outgoing calls. I didn't have access to check voicemails. I often missed calls while in meetings, or away from my desk. I had to use my personal cell phone to conduct business for Kelly services and Johnson and Johnson to be efficient and available for payroll department
**Week of January 18th** John behaved aggressively and rudely while training me and continued to say "Johnson & Johnson requires that we hire under their minority and diversity agreement."
**Week of February 1** - John Evers, immediate supervisor, made an in appropriate comment using the word "Blackie" in a closed meeting room.
**February 9th** - John Evers called me by phone and began erratic behavior yelling at me on the phone loudly screaming in an intimidating manner while training me.
**March 8th** - After reporting John Evers erratic behavior towards me he sent a letter to me stating my behavior and work is unprofessional and lack timeliness.
**March 9th** - John Evers again yelled at me for stating I was multitasking with work, even after he admitted I was following his lead.
**March 16th** - Johnson & Johnson employee made changes to Kronos preventing me from successfully running hours worked for termed temporary staff payroll.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 1

1   **March 22nd** - John Evers continued to disqualify me by asking the name of a supervisor whose name starts with
    Mike. I responded "Mike Tislau." John replied "No! His name is Mike Tislau!!"
2   **March 23rd** - I was terminated from work with extra pay.
    **March 24th** - I received a message from John Evers regarding processing my expenses. I asked him if I have access
3   since I was recently terminated. He never replied.

4   **March 25th** - I sent a message to Susan Medina, Kelly Services Human Resource Manager, to inquire about how I
    should submit my expenses for reimbursement. Susan referred me to contact Greg Main in accounts payables
5   department. I contacted Greg Main and left voicemail. My call was returned by Yvette Geary in accounts payables
    who informed me that the human resource department processes terminated employees' reimbursement requests.
6   After filing the complaint with EEOC I received a call from Susan Medina with a link to submit my receipts for
    reimbursements request. I have not received the reimbursement as of April 15, 2016.
7       A.   The discriminatory conduct of which I complain in this action includes:
             Termination of my employment.
8            Retaliation.

9       B.   It is my best recollection that the alleged discriminatory acts occurred on and from January 18th through
             present.
10
11      C.   I believe that defendant is still committing these acts against me.

12      D.   Defendant discriminated against me based on my Race and Color.
13
14      E.   The facts of my case are as follows. Also see attached EEOC charge filed.

15              I was employed by Kelly Services from January 18, 2016 until March 23, 2016. During the relevant

16   period I was placed at Johnson & Johnson Pharmaceutical. My job title during the period was Talent Solutions

17   Manager. As part of my job duties I managed the WorkSense™ program. My Immediate supervisor was John Evers,

18   Operations Lead for Kelly Services. I was performing the essential functions of my job within reasonable expectations

19   at all times during the relevant period. Within the relevant period I was subjected to unwanted conduct rising to a level

20   of severe, causing my workplace to be a hostile work environment supported by Johnson and Johnson's staff. For

21   example, during the week of February 1, 2016, I was subjected to a severe, unwarranted, and unwanted comment by

22   my immediate supervisor, John Evers while at Johnson and Johnson's site. He pulled me into a private room and asked

23   me to name a female employee of Johnson & Johnson. To do this he said to me in a sarcastic tone, "Blackie!" I was

24   shocked at his comment, and took a moment to compose myself. I asked him if that was the name of the person he

25   was trying to identify. He said "no!" Later, he after I identified who he was talking about (a female worker who

26   coordinates cafeteria activities that is not, in fact, named Blackie), I asked him why he was trying to remember her

27   name in the first name. He responded by telling me "No Reason!". During this exchange, John had a weird grin on his

28   face that made me feel as though he was probing me for my reaction. At no point did he appear to realize the

29   insensitivity of his questioning or his tone. And, at no point did he apologize for his comment. Other examples of

30   unwanted, unwarranted conduct from Mr. Evers include his yelling at me over the phone, criticizing me in front of

31   my peers and co-workers, and aggressively talking down to me about the quality of my work while in training. This

32   occurred on a daily basis.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 2

Subsequently, I complained to David Dolowich, Mr. Evers supervisor. Mr. Dolowich engaged me about my complaint and asked me if I wanted him to "talk to Mr. Evers" about his rude behavior. I responded "yes, I do want you to talk to John!" Mr. Dolowich forwarded my concerns to Susan Medina, Human Resource manager at Kelly Services. I received a call from Ms. Medina who listened to my complaint but stated she didn't find it discriminatory and decided not to move forward. I told her I just want to do my work without such erratic behavior and comments. To the best of my knowledge, neither Respondent, nor Mr. Dolowich, Nor Johnson & Johnson, Nor Kelly Services conducted any investigation into my complaint.

On March 23, 2016, I was released from my employment at Johnson & Johnson by John Evers, who cited my "behavior", unprofessional attitude and my lack of timeliness. I believe this to be pretext. At no point prior to the date of my discharge was I counseled on my performance. Instead, I was consistently receiving positive feedback from individuals in upper management.

I believe that I have been discriminated against on the basis of my race (African American/Black) and in retaliation for my participation in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

**IV. Exhaustion of Federal Administration Remedies**

    A.  It is my recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on April 8, 2016.

    B.  The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which I received on April 14, 2016.

**V. Relief**

Wherefore, I pray that the court grant me the following relief; Johnson & Johnson and Kelly Services remove any and all negative reporting on my file terminating me for " Performance and Lack of Timeliness", compensatory and punitive damages of $500,000.00. Pay loss of wages from March 23 to case settlement. Place in position as consultant to Johnson and Johnson-Janssen operation company, or/and all Johnson and Johnson companies using Worksense™ program by providing Process Improvement, Quality Management consulting and, Internal Auditing for the Worksense™ program for a minimum of 2 years. I seek this relief for the intentional discrimination based on my race and color, and intentional retaliation for reporting the discrimination including intentional infliction of emotional distress the defendant brought upon me from January 18 through present.

See attached-Summarized Proposal for Process Improvement Consulting.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 3

1
2
3
4
5
6
7
8
9
10
11
12          Dated this 19 of April, 2016.
13
14                                              
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 4

# HARRIET S STRICKLEN
# SUMMERIZED PROPOSAL FOR PROCESS IMPROVEMENT
# CONSULTING – APRIL 19, 2016

## OVERVIEW

Harriet S Stricklen is pleased to submit this summarized proposal for Process Improvement Consulting to support Johnson & Worksense™ program in achieving its goals for improving quality management and employee relations by providing training, performance management, communication, continuous process improvement methodologies the Worksense™ program. I have 16 years' experience partnering with large private and government organizations throughout the Nation and UK—businesses committed to improving their talent solutions experience through process improvement, talent solutions, and timely delivery.

### The Objective

- Improve response time for hiring manager's orders.
- Identify SWOT and improve upon weaknesses in upsell/cross-sell volumes
- Rapid training for staff on new systems and processes.

### The Opportunity

- Change Leadership implementations.
- Review with all Johnson and Johnson managers on Worksense™ objective and goals within 6 weeks of beginning of service.
- Collaborate review with Kelly Services Talent Solutions managers/advisors with functional training on systems and processes (Kronos, KSN, Fieldglass, ARIBA and others as needed).
- Monitor quality, drive improvements, and key satisfaction metrics following review.
- Continuous quality improvements.

## PROPOSAL

Johnson & has a well-deserved reputation for quality consumer products. However, faced with changes in talent solution sourcing, economic impacts to employment, and limitations that prevent taking full advantage of improvements in outsourced talent, Johnson & faces the possibility of decreasing quality talent due decreased employee satisfaction, new hire engagement anxiety, lack of awareness of talent solution partner processes and procedures, and ongoing learning environment that nurtures career development and growth.

I implement solutions to help businesses stay ahead of talent satisfaction trends and propose that Johnson & implement a solution focused on process improvement, quality and change leadership as it relates to talent solutions. The process improvement consulting I offer will enable Johnson & to fully realize the benefits of improved productivity

1

throughout the entire talent solutions management cycle. Most importantly, I will provide the consulting and support that ensures your staff can ramp up quickly and realize concrete improvements in talent solutions, management satisfaction, and quality performance metrics.

## EXPECTED RESULTS

We expect our proposed consulting to Johnson & Johnson's requirements to provide the following results:

### Financial Benefits

- Direct and Indirect cost savings.
- Reduced hiring costs
- Increased ROI

### Technical Benefits

- Identify specific needs and opportunities
- Overall quality improvement
- Increase satisfaction

### Pricing

The following table details the pricing for delivery of the services outlined in this proposal. This pricing is valid for 60 days from the date of this proposal:

| Consulting Cost | Price |
|---|---|
| Process Improvement Consulting (includes all consulting services) | $65.00/hrs. |
| | |
| | |
| Total Services  40 hrs./week Costs | $2,600.00 |
| Services Cost | |
| Facilities | N/A |
| License Fees | N/A |
| Equipment Rental | N/A |
| Training | N/A |
| Travel | Billable to Customer |
| Marketing | N/A |

2

| Shipping/Handling | N/A |
|---|---|
| Total Services Costs | Billable to Customer |
| **Sample Services Cost** | |
| | |
| Total Sample Services Costs | |
| Total | |

Disclaimer: The prices listed in the preceding table are an estimate for the services discussed. This summary is not a warranty of final price. Estimates are subject to change if project specifications are changed or costs for outsourced services change before a contract is executed.

## TERMS

I propose a 2 year agreement with 3 extension option years.

## QUALIFICATIONS

Harriet S Stricklen is continually proven to be an industry leader for quality management in the following ways:

- Certified Six Sigma
- Certified ISO 9001:2008 Quality Management
- Certified Internal Auditor
- 16 years' experience in business development and quality management. Change leadership consulting.

## CONCLUSION

I look forward to working with Johnson & and supporting your efforts to improve your Worksense™ program. I am confident that I can meet the challenges ahead, and stand ready to partner with you in delivering an effective process improvement solution.

If you have questions on this proposal, feel free to contact me at your convenience by email at hstricklen@amanagementgroup.co (not .com) or by phone at (510) 774-9570 cell 24/7.

Thank you for your consideration,

Harriet Stricklen
Consultant

3

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 555-2016-00665 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Harriet Stricklen** | | **03-22-1961** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3345 Spyglass Ct., Fairfield, CA 94534** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **KELLY SERVICES** | **500 or More** | **(248) 362-4444** |

| Street Address | City, State and ZIP Code |
|---|---|
| **700 Eubanks Drive,  Vacaville, CA 95688** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Johnson & Johnson Pharmaceuticals** | **500 and More** | **(732) 524-0400** |

| Street Address | City, State and ZIP Code |
|---|---|
| One Johnson & Johnson Plaza    Brunswick, NJ  08933 | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |

| [X] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN | **01-18-2016**          **03-23-2016** |
|---|---|---|---|---|---|
| [X] RETALIATION | [ ] AGE | [ ] DISABILITY | [ ] GENETIC INFORMATION | | |
| [ ] OTHER (Specify) | | | | | [Y] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by Kelly Services from January 18, 2016 until March 23, 2016. During the relevant period, I was placed at Johnson & Johnson Pharmaceutical. My job title during the relevant period was Talent Solutions Manager. As part of my job duties, I managed the Worksense (trademark of Johnson & Johnson) program. My immediate supervisor was John Evers, Operations Lead. I was performing the essential functions of my job within reasonable expectations at all times during the relevant period.

Within the relevant period, I was subjected to unwanted conduct rising to the level of severe, thereby causing my workplace to be a hostile work environment. For example, on February 1, 2016, I was subjected to a severe, unwarranted, and unwanted comment by my immediate supervisor, John Evers. He pulled me into a private room and asked me to recall the name of a female co-worker. To do this, he saud to me in a sacrastic tone, " Blackie!" I was in shock at his comment and it took me a moment to compose myself. I asked him if that was the name of the person that was trying to identify. He said "something like that." After I identified who he was talking about (a female employee of the kitchen staff that is not, in fact, named Blackie), I asked him why he was trying to remember her name in the first place. He responded by telling me "No reason!" During this exchange, Evers had

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| <br>3.31.2016                 *Charging Party Signature*<br>Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 555-2016-00665 |

**California Department Of Fair Employment & Housing** and EEOC

*State or local Agency, if any*

a weird grin on his face, that made me feel as though he was probing me for my reaction. At no point did he appear to realize the insensitivity of his questioning or his tone, and at no point did he apologize for his commentary. Other examples of unwanted, unwarranted conduct from Mr. Evers include his yelling at me over the phone, criticizing me in front of my peers and co-workers, and aggressively talking down to me about the quality of my work. This occurred on a daily basis.

Subsequently, I complained to David Dolowich. Dolowich engaged me about my complaint and asked me if I wanted him to "talk to John" about his rude behavior. I responded " yes, I do want you to talk to John!" I have yet to hear anything about David's actions on my behalf. To the best of my knowledge, neither Respondent nor Dolowich nor Johnson & Johnson , nor Kelly Services conducted any investigation into my complaint.

On March 23, 2016, I was released from my employment at Johnson & Johnson by Evers, who cited my "behavior," my unprofessional attitude and my lack of timeliness. I believe this to be pretext. At no point prior to the date of my discharge was I counseled on my performance. Instead, I was consistently receiving positive feedback from individuals in upper management.

I believe that I have been discriminated against on the basis of my race (African American / Black) and in retaliation for my participation in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3.31.2016
Date / Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Harriet S. Stricklen
3345 Spyglass Ct.
Fairfield, CA 94534

From: Oakland Local Office
1301 Clay Street
Suite 1170 N
Oakland, CA 94612

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 555-2016-00665 | Bryan G. Hoss, Investigator | (510) 637-3240 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Dana C. Johnson,
Local Office Director

04/8/16
*(Date Mailed)*

Enclosures(s)

cc: Diana Merantza
Diversity Consultant
KELLY SERVICES
GLOBAL HUMAN RESOURCES - DIVERSITY
999 West Big Beaver Rd.
Troy, MI 48084