1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HARRIET STICKLEN,                    No.  2:16-cv-00804 GGH

12              Plaintiff,

13        v.                              STATUS (PRETRIAL SCHEDULING)
                                          ORDER
14   KELLEY SERVICES, INC., et al.

15              Defendants.

16

17        The parties have filed a joint statement regarding scheduling.  Accordingly, the court

18   makes the following findings and orders:

19   SERVICE OF PROCESS

20        All defendants have been served and no further service is permitted except with leave of

21   court, good cause having been shown.

22   JOINDER OF PARTIES/AMENDMENTS

23        No further joinder of parties or amendments to pleadings is permitted except with leave of

24   court, good cause having been shown.

25   JURISDICTION/VENUE

26        Jurisdiction is undisputed and is hereby found to be proper, as is venue.

27   DISCOVERY AND MOTION HEARING SCHEDULES

28        1.        All law and motion except as to discovery is left open, save and except as follows.

1

1    Written discovery and deposition discovery as to percipient witnesses shall be left open and

2    conducted so as to be completed by March 5, 2018 as to percipient witnesses and March 26, 2018

3    as to expert witnesses.  The word "completed" in this context means all discovery shall have been

4    conducted so that all depositions have been taken and any disputes relative to discovery shall

5    have been resolved by appropriate order if necessary and, where discovery has been ordered, the

6    order has been complied with.  Motions to compel discovery must be noticed on the

7    undersigned's calendar in accordance with the local rules of this court and so that such motions

8    will be heard not later than March 12, 2018.  This paragraph does not preclude motions for

9    continuances, temporary restraining orders or other emergency applications, and is subject to any

10   special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

11          2.      The parties should keep in mind that the purpose of law and motion is to narrow

12   and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that

13   are susceptible to resolution without trial.  To accomplish that purpose, the parties need to

14   identify and fully research the issues presented by the case, and then examine those issues in light

15   of the evidence gleaned through discovery.  If it appears to counsel after examining the legal

16   issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate

17   motion by the law and motion cutoff set forth supra.

18          3.      ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY

19   PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices

20   designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE

21   COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED

22   IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

23          **4.      The last day for substantive motions, i.e. Motions for Summary Judgment,**

24   **may be heard is April 12, 2018 in Courtroom 9.  The date for the Motion hearing must be**

25   **set at least 28 days in advance of that hearing date in accordance with Eastern District of**

26   **California Local Rule 230.  The briefing schedule for such Motions is also controlled by this**

27   **Local Rule.**

28   /////

2

EXPERT DISCLOSURE

1.     All counsel (and/or pro se parties) are to designate in writing, file with the court, and serve upon all other parties, the names of all experts that they propose to tender at trial, if any, not later than January 22, 2018.   Simultaneous designation of any supplemental/rebuttal experts is due no later than February 5, 2018.   An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:

(a)     that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged;

(b)     the court and opposing counsel were promptly notified upon discovery of the witness; and

(c)     that the witness was promptly proffered for deposition.   Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

2.     For the purposes of this scheduling order, experts are defined as "percipient" and designated experts.   Both types of experts shall be listed.   Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case.   Another term for their opinions are "historical opinions."

(a)     Percipient experts are experts who, unless also designated as retained experts, are limited to testifying to their historical opinions and the reasons for them.   That is, they may be asked to testify to their opinions given in the past and the whys and wherefores concerning the development of that opinion.   However, they may not be asked to render a current opinion for the purposes of the litigation.

(b)     Retained experts, who may be percipient experts as well, are specifically designated by a party to be a testifying expert for the purposes of the litigation.   The retained Rule 26 expert may express opinions formed for the purposes of the litigation.[1]   A party designating a

---

[1] Retained experts may, or may not, be paid for their services.   The critical distinction between percipient and retained experts is that the retained expert will have gathered information during

1    retained expert will be assumed to have acquired the express permission of the witness to be so

2    listed.[2]

3         3.    The parties shall comply with the information disclosure provisions of Fed. R. Civ.

4    P. 26 (a)(2) (B) for any expert who is, in whole or in part, designated as a retained expert.  This

5    information is due at the time of designation.  Failure to supply the required information may

6    result in the striking of the retained expert.  No reports are necessary for purely percipient experts.

7    Retained experts are to be fully prepared to render an informed opinion at the time of designation

8    so that they may fully participate in any deposition taken by the opposing party.  Retained experts

9    will not be permitted to testify at trial as to any information gathered or evaluated, or opinion

10   formed, which should have been reasonably available at the time of designation **and disclosed in**

11   **the expert report.**  The court will closely scrutinize for discovery abuse deposition opinions

12   which differ markedly in nature and/or in bases from those expressed in the mandatory

13   information disclosure.

14   FINAL PRETRIAL STATEMENTS AND CONFERENCE

15        The Final Pretrial Conference is set in Courtroom 9 of the Honorable Gregory G. Hollows

16   on May 14, 2018 at 10:00 a.m.  Counsel are cautioned that counsel appearing for Pretrial must be

17   the counsel who will in fact try the matter.

18        All parties are to be fully prepared for trial at the time of the Pretrial Conference, with no

19   matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel

20   are referred to Local Rules 281 and 282 relating to the contents of and time for filing Pretrial

21   the course of the litigation *for the purpose of rendering an opinion on a disputed fact in the*
22   *litigation*.  Percipient experts are limited to the information available at the time their historical
     opinions were given.  For example, a physician whose only contact with the litigation the was the
23   treatment of a party prior to the commencement of litigation, or even after commencement, and
     whose only purpose was to treat the party, is a percipient expert.  This doctor may have issued an
24   opinion in the medical records, but he is not retained for the purpose of the litigation.  However,
     that same doctor, if asked by a party to render an opinion for the purpose of litigation, over and
25   above any historically rendered opinions, is a retained expert.  See Goodman v. Staples The
26   Office Superstore LLC, 644 F.3d 817 (9th Cir. 2011) (holding percipient treating physician who
     transforms into expert witness must comply with Fed. R. Civ. P. 26(a)(2), and clarifying when
27   such transformation takes place).
     [2]  The court is not interested in a designation of non-testifying Rule 26 experts, i.e., non-testifying
28   consultants.

1  Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE

2  GROUNDS FOR SANCTIONS.

3       Notwithstanding the provisions of Local Rule 281, which contemplates the filing of

4  separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a <u>JOINT</u>

5  <u>STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  See

6  Local Rule 281(b)(3), (4), and (6).  The undisputed facts and disputed factual issues are to be set

7  forth in two separate sections.  The parties should identify those facts which are relevant to each

8  separate cause of action.  In this regard, the parties are to number each individual fact or factual

9  issue.  Where the parties are unable to agree as to what factual issues are properly before the court

10  for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all

11  issues asserted by any of the parties and explain parenthetically the controversy concerning each

12  issue.  The parties should keep in mind that, in general, each fact should relate or correspond to an

13  element of the relevant cause of action.  The parties should also keep in mind that the purpose of

14  listing the disputed factual issues is to apprise the court and all parties about the precise issues

15  that will be litigated at trial.  <u>The court is not interested in a listing of all evidentiary facts</u>

16  <u>underlying the issues that are in dispute.</u>[3]  The joint statement of undisputed facts and disputed

17  factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial

18  Statement.  If the case is tried to a jury, the undisputed facts will be read to the jury.

19       Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their

20  Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter

21  for what purpose.  These lists shall not be contained in the Pretrial Statement itself, but shall be

22

23  [3]  For example, and simplistically, if the claim to be adjudicated involved a traffic accident, the
    disputed factual issues might be: whether defendant negligently drove his vehicle through the
24  intersection by reason of failing to observe traffic signals; whether such negligence caused the
    accident involving plaintiff, whether plaintiff's actions (being distracted) contributed to the
25  accident; whether plaintiff suffered injury and damages as a result of the accident [perhaps
    breaking out specific injuries and damages].  It would be inappropriate and unhelpful to list
26  myriad evidentiary facts in dispute– whether the light had turned yellow at the time defendant's
    vehicle approached the intersection, whether defendants' skid marks were 30 feet long, whether
27  plaintiff was distracted by use of a cell phone, and so forth.  However, with respect to the listing
    of undisputed facts, the court will accept agreements as to evidentiary facts.
28

1    attached as separate documents to be used as addenda to the Final Pretrial Order.  Plaintiff's

2    exhibits shall be listed <u>numerically</u>; defendant's exhibits shall be listed <u>alphabetically</u>.  The

3    Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial

4    not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.

5    On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use

6    will be viewed as an abuse of the court's processes.

7          Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the

8    Pretrial Conference to aid the court in (a) formulation and simplification of issues and the

9    elimination of frivolous claims or defenses; (b) settling of facts which should be properly

10   admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must

11   prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with

12   these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF

13   SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of

14   claims or defenses, or such other sanctions as the court deems appropriate.

15   TRIAL SETTING

16         Trial is set for June 18, 2018 at 9:00 a.m. in Courtroom No. 9 before the undersigned.

17   Trial will be by the court.  The court expects the trial will take approximately 3-5 days.

18   SETTLEMENT CONFERENCE

19         A Settlement Conference will be set at the time of the Pretrial Conference **but the parties,**

20   **who have indicated an interest participating in the court's Voluntary Dispute Resolution**

21   **Program may seek access to that program at any time during the course of the litigation.**

22   MISCELLANEOUS PROVISIONS

23         There appear to be no other matters presently pending before the court that will aid the

24   just and expeditious disposition of this matter.

25   CONCLUSION

26         Pursuant to Fed. R. Civ. P. 16(b), THIS COURT SUMMARIZES THE SCHEDULING

27   ORDER AS FOLLOWS:

28         1.     Expert disclosures must be made no later than January 22, 2018;

6

2.        Supplementary expert disclosures must be made no later than February 5, 2018.

3.        Percipient witness discovery must be completed as described in this order no later than March 5, 2018.

4.        Expert discovery must be completed as described in this order no later than March 26, 2018.

5.        Motions to compel discovery related either to percipient or to expert witnesses are to be noticed to be heard in conformity with the requirements of Eastern District of California Rule 251 at a time that meets the completion requirements for discovery found in items 3 and 4 above.

6.        The last day for substantive pretrial motions (Motion for Summary Judgment) may be heard shall be April 12, 2018.

7.        Pretrial Conference (as described in Local Rule 282) is set in this case for May 14, 2018, in Courtroom 9 at 9:00 a.m.  Pretrial statements shall be filed in accord with Local Rules 281 and 282.

8.        This matter is set for court trial on June 18, 2018 at 9:00 a.m. a.m. in Courtroom 9.

**IT IS SO ORDERED**.

Dated: January 25, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

7