E. JOSEPH CONNAUGHTON (SBN 166765)
jconnaughton@paulplevin.com
DANI NGUYEN FRANKE (SBN 262053)
dfranke@paulplevin.com
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone:   619-237-5200
Facsimile:   619-615-0700

Attorneys for Defendant KELLY SERVICES, INC.

HARRIET STRICKLEN
4hstrick@gmail.com
3345 Spyglass Court
Fairfield, CA 94534
Telephone:   (510) 774-9570

Plaintiff In Pro Per

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| HARRIET STRICKLEN,<br><br>    Plaintiff,<br><br>  v.<br><br>KELLY SERVICES, INC., ET AL.<br><br>    Defendant. | Case No. 2:16-cv-00804 GGH<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>Magistrate:   Hon. Gregory G. Hollows<br>Courtroom:   9, 13th Floor |

Plaintiff Harriet Stricklen and Defendant Kelly Services, Inc. agree that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information—including information about business structure and strategy; business protocols and procedures, including, but not limited to, non-public information about Kelly's product offerings; complaints and investigations, including information related to third-parties; employee performance evaluations; customer lists; and salary information—for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  The parties further agree that an enforceable Order by the Court is necessary to facilitate discovery and ensure the parties that confidential information produced in

1  discovery will be afforded appropriate protections.

2      Accordingly, the parties hereby stipulate to, and request entry of, the following Stipulated
3  Protective Order.  The parties acknowledge that this Order does not confer blanket protections on
4  all disclosures or responses to discovery, and that the protection it affords extends only to the
5  limited information or items that are entitled under the applicable legal principles to treatment as
6  confidential.  The parties further acknowledge that this Stipulated Protective Order creates no
7  entitlement to file confidential information in a court under seal; the Eastern District's Local Rule
8  No. 141 and F.R.C.P 5.2, 26 set forth the procedures that must be followed and reflect the
9  standards that will be applied when a party seeks permission from a court to file material under
10 seal.  The provisions of this Stipulated Protective Order shall govern the exchange, disclosure, and
11 use by the undersigned parties of all documents, testimony, and other information produced or
12 given by any person or company in the course of discovery and disclosure, both formal and
13 informal, in this action.

14     IT IS HEREBY STIPULATED by and between Plaintiff Harriet Stricklen and Defendant
15 Kelly Services, Inc. (together, the "parties"), through their undersigned counsel of record, that this
16 protective order (the "Protective Order") shall govern disclosure and use by the parties of all
17 documents, testimony, and other information designated "Confidential" which is produced by
18 either party in the course of discovery procedures in this action as follows:

19     1.    All Confidential Discovery Materials (as defined below) produced through
20 discovery procedures in this action shall be used solely for the prosecution and/or defense of this
21 action.  Any person in possession of Confidential Discovery Materials shall maintain them in a
22 reasonably secure manner so as to avoid disclosure of their contents.

23     2.    Any document or portions thereof, testimony, or other information produced in this
24 action through discovery procedures by a party (collectively, "Discovery Materials") may be
25 designated as "Confidential" by the producing party if the party has maintained them in a
26 confidential manner and believes in good faith that:  (1) the Discovery Materials contain sensitive
27 information, the disclosure of which would violate or potentially violate personal, privacy, or
28 other interests protected by law; (2) the Discovery Materials contain a trade secret or other

confidential research, development, or commercial information; or (3) there is other cause for confidential treatment of the Discovery Materials pursuant to applicable law.

3. This Protective Order shall also encompass any documents designated by the Court as "Confidential" or subject to a protective order.

4. Discovery Materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials."

5. The "Confidential" designation may be made at or prior to the time of production of documents by stamping the word "Confidential" on the matter disclosed, or, in the case of depositions, as provided in paragraph 6 below. Stamping the word "Confidential" on the cover of any multi-page document shall designate all pages of the document as Confidential Discovery Materials, unless otherwise indicated by the producing party. Inadvertent failure to designate materials as "Confidential" at the time of production may be remedied thereafter by written notice of supplemental production of the Discovery Materials with the "Confidential" designation. Upon the service of such notice and supplemental production, the Discovery Materials shall be subject to this Protective Order as if the materials had been initially designated as "Confidential."

6. A party may also, in good faith under applicable law, designate as "Confidential," as that term is defined in paragraph 2 above, that portion of any deposition testimony deemed to contain Confidential Discovery Materials by advising the court reporter and counsel of record at the beginning and ending of the testimony containing the confidential information, orally at the deposition or in writing no later than 30 days after the delivery of the deposition transcript. Until the above-specified period expires, counsel for the parties shall treat the entire transcript as Confidential Discovery Materials. The reporter shall mark the face of the transcript to designate the beginning and ending of the Confidential portions and, at the request of the designating party, shall prepare a separate original transcript containing the Confidential material. Copies of the transcript for counsels' use may contain both the Confidential testimony and other testimony in a single volume.

The disclosing party shall have the right to exclude from attendance at said deposition, during such time as information designated "Confidential" is to be disclosed, any person other

than the deponent, counsel, the court reporter, and a person permitted access pursuant to paragraph 7 below, provided that the requirements of paragraph 8 have been met.

7. No Discovery Materials designated as "Confidential" shall be disclosed directly or indirectly, to any person other than:

(a) the Court, necessary court personnel, and jurors;

(b) the partners, associates, and employees of the attorneys' law firms who are working on this litigation;

(c) in-house attorneys for any named party to this action and regular employees of the in-house legal department of any named party in this action;

(d) a party or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(e) court reporters transcribing depositions or testimony in this action;

(f) any person who lawfully saw documents or information either before or after their designation as "Confidential";

(g) any expert retained or consulted by any party in connection with this action;

(h) non-party deponents at their depositions, and/or persons designated as trial witnesses, but only to the extent reasonably necessary to give their testimony; and

(i) any person as to whom the parties agree in writing.

8. All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 7(b)-(i) above shall be advised of the existence of this Protective Order. All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraph 7(g)-(i) above shall be provided with a copy of this Protective Order, shall execute a certificate of compliance substantially similar to Exhibit "A," and shall not produce the Confidential Discovery Materials except upon order of the Court for good cause shown, by written agreement with the designating party, or as set forth in paragraph 10 below.

9. If either party submits to the Court any Confidential Discovery Materials (or information derived therefrom or any papers containing or making reference to such information), such Confidential Discovery Materials, information, or papers shall be labeled "Confidential –

Subject to Court Order" and conditionally filed under seal until further order of this Court, pursuant to the procedures set forth in E.D. Cal. Local Rule 141. All materials kept under seal shall be available to the Court and to counsel for the parties for viewing and/or copying.[1]

10. If at any time any Confidential Discovery Materials governed by this Protective Order are subpoenaed by any court, administrative or legislative body, or by any other persons or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall notify any person who has designated such information as "Confidential," in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. After receipt of the notice specified under this paragraph, the person seeking to maintain the "Confidential" designation shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of Confidential Discovery Materials. Upon the filing of any such motion to maintain the confidentiality of the materials sought (notice of which shall be given to the person to whom the subpoena is directed), the person to whom the subpoena is directed shall respond timely to the subpoena, but will not allow access to Confidential Discovery Materials until such time as the Court has ruled on the motion filed by the person or entity seeking to preserve the confidentiality of the Discovery Materials, unless otherwise required by law to make an earlier production notwithstanding such motion.

11. Nothing herein shall impose any restriction on the issue of disclosure by a party of documents or information obtained by such party independently of discovery proceedings herein.

12. Nothing herein shall prevent a party from objecting to discovery that it believes to be improper. Nothing herein shall be deemed a waiver of any party's right not to disclose any confidential, non-discoverable information or documents notwithstanding the terms and conditions stated herein.

13. Nothing herein shall be construed to limit in any way the parties' use or disclosure of their own documents, materials, or information designated as "Confidential."

---

[1] See addendum to this Order.

14. If confidential information is disclosed to anyone other than those authorized by this Protective Order, the person or party responsible for the improper disclosure shall immediately: (1) issue written notice of the unauthorized disclosure to the person producing the confidential information; (2) use best efforts to retrieve all copies of the Confidential Discovery Materials subject to the unauthorized disclosure; (3) inform all persons to whom unauthorized disclosure was made of the terms of this Protective Order; and (4) use best efforts to secure an acknowledgement of this Protective Order, by execution of the agreement in Exhibit A attached hereto, from all persons to whom unauthorized disclosure was made.

15. If privileged information is produced, through inadvertence, the person or party responsible for the improper disclosure may inform the receiving party of the privileged nature of the disclosed information (attorney-client, work-product, etc.) and all persons to whom unauthorized disclosure was made shall refrain from using the information for any purpose, return all originals of the asserted-privileged documents, and destroy all copies and summaries of same, within five business days. This provision is without prejudice to a party's ability to seek relief from the Court to challenge the assertion of privilege.

16. Stipulation to, and/or entry of, this Protective Order shall be without prejudice to any motion for relief from the Court from any restriction hereof or for any other or further restriction on the production, exchange, or use of any document, testimony, or other information produced, given or exchanged in the course of pre-trial discovery in this action. If a party disagrees with another party's "Confidential" designation, the challenging party must nevertheless abide by the same until the matter is resolved by agreement or by the Court. If a dispute with regard to particular Discovery Materials arises, the parties shall meet and confer to resolve that issue within 10 court days of a written request to do so by the party challenging such designation. If the parties cannot reach an agreement, the party challenging the designation must move within 30 days of the conclusion of the meet and confer for a ruling from the Court to stop the confidential treatment of such Discovery Materials. The burden shall be on the party challenging the designation to establish the non-confidential nature of the Discovery Materials. The parties may agree, in writing, to different times to perform the items in this paragraph or such time may

be modified on application to the Court upon a showing of cause.

17. Upon final determination of this litigation, any party that has received Confidential Discovery Materials shall promptly destroy them (including all copies) and notify the producing person thereof.

18. Any third-party witness who testifies or produces documents in connection with this litigation may obtain the protections of this Protective Order by placing the "Confidential" designation on any documents or other information provided to any of the parties as to which confidential treatment is sought.

19. This Protective Order may be modified, amended, or vacated by further order of the Court upon the noticed motion of any party or by the written agreement of counsel.

20. Unless modified, amended, or vacated, this Protective Order shall survive the final determination of this action and shall remain in full force and effect after conclusion of all proceedings herein to provide the Court with ancillary jurisdiction to enforce its terms.

21. In the event that additional persons become parties to this action, they shall not have access to Confidential Discovery Materials until the newly joined party or their counsel confirms in writing to the parties that they have read this Protective Order and agree to be bound by its terms.

Dated: January 6, 2017     PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:  */s/E. Joseph Connaughton*
E. JOSEPH CONNAUGHTON
DANI NGUYEN FRANKE
Attorneys for Defendant KELLY SERVICES, INC.

Dated: January ___, 2017

By: _____
HARRIET STRICKLEN
Plaintiff in Pro Per

1 **ORDER**

2 The Court, having reviewed the parties' stipulated Protective Order Regarding

3 Confidential Information and good cause appearing therefore, hereby orders that:

4 The Protective Order Regarding Confidential Information is approved and shall govern the

5 use and treatment of Confidential Discovery Materials in this action until further order of this

6 Court.

7 **IT IS SO ORDERED.**

8

Dated: January 31, 2017

9 /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

10

11 Addendum to Order

12 The parties may not file documents under seal simply because they so desire.  The substantive

13 prerequisites as set forth in Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir

14

15 2006), must be satisfied.  Any request to seal documents shall set forth either good cause for

16 sealing non-dispositive filings or compelling reasons for dispositive filings.

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# CERTIFICATE OF COMPLIANCE

I certify my understanding that Discovery Materials are being or may be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Regarding Discovery Materials dated _____, in *Stricklen v. Kelly Services, Inc.*, United States District Court – Eastern District of California, Court Case No. 2:16-cv-00804 GGH, and that I have been given a copy of, and have read, the stipulation and order, and agree to be bound by it. I understand that all such Confidential Discovery Materials and copies thereof, including, but not limited to, any notes or other transcriptions made therefrom, which have not been previously destroyed, shall be returned no later than 30 days after the termination of this action to the counsel who provided such materials to me.

DATED: _____     Printed Name: _____

                                  Signature:    _____